**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § § | |
| v. | § § | EP-22-MJ-02965-MAT-1 |
| **EDGAR DAVID CAMPA** | § § § | |

## MEMORANDUM OPINION AND ORDER

On July 18, 2024, Defendant Edgar David Campa ("Defendant") moved to dismiss his Criminal Complaint, asserting that the Government's failure to indict Defendant within 30 days of his arrest violated his constitutional right to a speedy trial. The Court finds that Defendant's right to a speedy trial pursuant to the Speedy Trial Act of 18 U.S.C. § 1361 was violated and **DISMISSES** the Criminal Complaint **WITH PREJUDICE**.

### I. BACKGROUND & PROCEDURAL HISTORY

**A. Facts**

Defendant was charged by criminal complaint in the instant case with the felony offense of Escape in violation of 18 U.S.C. § 751(a). (ECF No. 1). The Complaint alleges that Defendant escaped from Bureau of Prisons ("BOP") custody at the satellite camp at FCI La Tuna in Anthony, Texas. *Id.* At the time of the instant offense, he was serving a 168-month sentence from the Northern District of Texas for Conspiracy to Possess with Intent to Distribute a Controlled Substance.[1]

---

[1] Defendant was convicted and sentenced for the controlled substance offense in the U.S. District Court for the Northern District of Texas. His final judgment can be found at ECF No. 116 at case number 4:19-cr-00336-P-4.

Defendant had his initial appearance on March 22, 2024 (ECF No. 6), and then waived his preliminary and detention hearings on March 26, 2024. (ECF No. 10). A review of the case docket report on CM/ECF indicates no further action on the part of the Government in this case since that time. As of the date of this Order, the Government has not indicted Defendant.

On July 18, 2024, Defendant filed the instant Motion. The Government did not file a response. By his Motion, Defendant seeks dismissal of the Criminal Complaint, asserting that the Government's failure to indict him within the 30-day statutory period violates the Speedy Trial Act. (ECF No. 12, p. 2–4). Furthermore, Defendant seeks dismissal with prejudice. The Court addresses each argument in turn.

## II. DISCUSSION

### A. The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

The Speedy Trial Act ("the Act") sets deadlines for different events in a defendant's prosecution, including the deadline for indictment after arrest, and the deadline within which the defendant must be brought to trial. 18 U.S.C. § 3161(b)–(c). It also includes provisions excluding certain periods from the Speedy Trial Act "clock," such as any time during mental competency assessments and transportation for medical purposes. *Id.* § 3161(h).

The Act provides that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." *Id.* § 3161(b). If no indictment or information is filed within the time limit set out in this section, the charge in the complaint must be dismissed. *Id.* § 3162(a)(1).

The applicability of Section 3161(b) to the facts in the instant case is very straightforward. Defendant was arrested on March 21, 2024, pursuant to an arrest warrant and complaint charging

him with Escape. (ECF No. 3). After Defendant's initial appearance on March 22, 2024 (ECF No. 6) and a waiver of the preliminary and detention hearings on March 26, 2024 (ECF No. 10), there appears to be no further action from the Government. Consistent with the Act's 30-day deadline for charging the defendant by either indictment or information, the Government's deadline was April 20, 2024. Defendant has not been indicted as of the filing of this Order. As such, the Criminal Complaint in the instant case is **DISMISSED**.

## B. Prejudice

If dismissal is required under Section 3161(b) of the Speedy Trial Act, the Court must decide whether the criminal complaint will be dismissed with or without prejudice. Defendant contends that his Criminal Complaint should be dismissed with prejudice. (ECF No. 1, p. 2–5). The Government's position with respect to this is unknown, as no Government response to the instant Motion is on file.

The Court has broad discretion in determining whether dismissal is with or without prejudice. "The decision to dismiss a complaint under the Speedy Trial Act is 'entrusted to the sound discretion of the district judge and…*no preference is accorded to either kind of dismissal*.'" *United States v. Clark*, 577 F.3d 273, 281 (5th Cir. 2009) (alteration in original) (emphasis added) (quoting *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987)). In deciding whether to dismiss with or without prejudice, Section 3162(a)(1) of the Speedy Trial Act requires the Court to consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." The Court addresses each factor in turn.

*1. Seriousness of the Offense*

The first factor—the seriousness of the offense—weighs against dismissal with prejudice. Defendant asserts his offense is not serious because it is non-violent. (ECF No. 12, p. 4). The Court disagrees.

Although the Fifth Circuit has declined to apply a "mechanical test" to determine the seriousness of a crime, decisions within the Circuit have looked to the potential term of imprisonment as an indicator of an offense's seriousness. *United States v. De Bruhl-Daniels*, 491 F. Supp. 3d 237, 247 (S.D. Tex. 2020) (noting that some courts hold that "the possibility of a long sentence means a crime is serious"); s*ee United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir. 2002) (holding offense punishable by twenty years a serious offense); *Melguizo*, 824 F.2d at 371 (finding offense punishable by ten years a serious offense); *United States v. Castle*, 906 F.2d 134, 138 (5th Cir. 1990) (citing *United States v. Hawthorne*, 705 F.2d 258 (7th Cir.1983)) (noting that a charge carrying a maximum sentence of five years was "serious" for Speedy Trial Act purposes).

Here, Defendant's charge of Escape is serious, carrying a potential maximum mandatory term of imprisonment of five years. 18 U.S.C. § 751(a). Accordingly, the seriousness of the instant offense weighs against dismissal with prejudice.

*2. Facts and Circumstances Leading to Dismissal*

The second factor—the facts and circumstances leading to dismissal—supports dismissal with prejudice. Defendant maintains that this factor weighs in favor of dismissal with prejudice because the Government provided no justification for its delay. (ECF No. 12, p. 4). The Court agrees.

The second factor "requires consideration of the government's reason for having violated the Act." *Mancia-Perez*, 331 F.3d at 468. The government first has the burden to produce an explanation for the delay and the burden then shifts to the defendant to prove that the government's explanation is pretextual. *United States v. May*, 819 F.2d 531, 533 (5th Cir. 1987). However, when the government provides no explanation for its delay, it is "assumed that the delay was unjustified and that the second factor weigh[s] in favor of dismissal with prejudice." *De Bruhl-Daniels*, 491 F. Supp. 3d at 248 (citing *Mancia-Perez*, 331 F.3d at 469).

Here, the Government failed to offer any explanation for its delay. "By standing mute, the Government forfeited its opportunity to establish an excuse for the delay that would weigh in favor of dismissal without prejudice." *May*, 819 F.2d at 533; *see, e.g.*, *Melguizo,* 824 F.2d at 371–72 (finding dismissal without prejudice warranted because the government did not delay for an ulterior purpose); *United States v. Salgado-Hernandez*, 790 F.2d 1265, 1268 (5th Cir. 1986) (holding dismissal without prejudice merited because the government did not exhibit a pattern of missing deadlines). Because the Government offered no explanation for its failure to satisfy the Speedy Trial Act's thirty-day rule, this factor weighs in favor of dismissal with prejudice.

*3. Impact of Reprosecution*

The third 3162(a)(1) factor—the impact of reprosecution on the administration of the Act and on the administration of justice—also supports dismissal with prejudice. Defendant asserts that this factor weighs in favor of dismissal with prejudice because he can return to BOP custody to complete his sentence. (ECF No. 4, p. 4). For this reason, and others, the Court agrees.

The third factor "encompasses three concerns: [t]he defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the Government's repeated violations of the speedy trial requirements; and the public's interest in bringing the accused to trial." *Mancia-Perez*, 331 F.3d at 469 (citing *Blevins*, 142 F.3d at 226). "Courts must also consider the presence or absence

of prejudice to the defendant caused by the violation." *United States v. Blank*, 701 F.3d 1084, 1090 (5th Cir. 2012) (citing *Mancia-Perez*, 331 F.3d at 469). Moreover, the Fifth Circuit has noted that "[w]hen the charges are serious, courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of a showing of prejudice." *May*, 819 F.2d at 534.

First, the Court notes that the Government's delay is extremely serious. The Government arrested Defendant on March 21, 2024 (ECF No. 3), meaning that the thirty-day period to return an indictment ended on April 20, 2024. The Government has not returned an indictment to date. Thus, the Government's delay in indicting Defendant is five months (158 days) and counting. This delay is unacceptable and weighs in favor of dismissal with prejudice. *Compare U.S. v. Johnson*, 29 F.3d 940, 946 (5th Cir. 1994) (noting that 118-day delay is serious) *with Mancia-Perez*, 331 F.3d at 470 (finding 64-day delay not severe). Accordingly, the Government's serious delay weighs in favor of dismissal with prejudice.

Turning to the three concerns articulated in *Mancia-Perez*, the first concern—defendant's right to a timely trial—weighs towards dismissal with prejudice. Defendant's process has been significantly delayed by more than twice the time allotted by statute for trial without even being indicted yet. Accordingly, this concern weights towards dismissal with prejudice.

The second concern articulated in *Mancia-Perez*—the deterrent effect of a prejudicial dismissal on the Government's repeated violations of the speedy trial requirements—weighs in favor of dismissal with prejudice. The Speedy Trial Act was enacted "to protect the defendant's right to a timely trial, and dismissal with prejudice is more likely to cause the government and the courts diligently to comply with the Act's requirements." *Johnson,* 29 F.3d at 946. As noted previously, the Government has not indicted Defendant to date and has failed to offer any

explanation for its delay.  Permitting reprosecution, "especially in cases such as this one where the delay is severe, may send the message to the government that violations-even severe violations-of the Act will not result in a correspondingly severe penalty."  *Id.*  Accordingly, this concern weighs in favor of dismissal with prejudice.[2]

The third concern articulated in *Mancia-Perez*—the public's interest in bringing the accused to trial—weighs against dismissal with prejudice.  "[T]he public has a great interest in bringing to trial defendants, especially recidivists, who have been accused of committing serious crimes."  *Mancia-Perez*, 331 F.3d at 470 (quoting *Johnson,* 29 F.3d at 946).  As noted above, the instant offense is a clear-cut example of recidivism.  Defendant escaped from BOP custody where he was serving a lengthy sentence for a serious drug offense.  Accordingly, this concern weighs against dismissal with prejudice.

Examining the effects of a prejudicial dismissal on the administration of justice, this weighs for dismissal with prejudice.  Here, Defendant was already convicted and sentenced for his prior controlled substance offense and will still be serving this sentence.  As stated by Defendant in his Motion, Defendant "can be brought back into Bureau of Prisons custody to serve the rest of his sentence."  (ECF No. 12, p. 4).  Thus, reprosecution would not cause a different outcome.  Further, "allowing reprosecution would allow the Government's clear and unexplained failure to comply with the Speedy Trial Act to go unsanctioned."  *United States v. Hernandez-Amparan*, 600 F. Supp. 2d 839, 844 (W.D. Tex. 2009).  Accordingly, this weighs in favor of dismissal with prejudice.

---

[2]  Notwithstanding the egregiousness of the Government's delay, Defendant "has not shown that [his] defense has been impaired by the delay, the 'most serious type of prejudice.'" *De Bruhl-Daniels*, 491 F. Supp. 3d at 249 (citing *Blank*, 701 F.3d at 1090).

- 8 -

Given the court's wide discretion in assessing whether to dismiss the instant case with or without prejudice, dismissal with prejudice is the appropriate sanction. The Court is persuaded primarily by the inexplicable and extremely lengthy (and continuing) delay in presenting this matter to the Grand Jury, to say nothing of the Government's failure to respond to Defendant's instant Motion. To allow the Government a "do over" and dismiss without prejudice in a situation where the Government has missed by a mile its Speedy Trial Act deadlines without explanation is tantamount to condoning the very type of inexcusable delays the Act was intended to prohibit. Dismissal with prejudice is the only appropriate sanction under these circumstances.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's "Motion to Dismiss" (ECF No. 12) be **GRANTED** in all respects and that the Criminal Complaint in this cause be **DISMISSED WITH PREJUDICE**. Defendant is **ORDERED** to be remanded to the custody of the Bureau of Prisons pursuant to the sentence imposed in 4:19-CR-00319-P-4 in the Northern District of Texas.

**SIGNED** and **ENTERED** this 25th day of September 2024.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**